United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHALE WELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF ALAMEDA, et al.<br><br>　　　　　Defendants. | Case No.  25-cv-01894-LJC<br><br>**ORDER DENYING MOTION TO STRIKE REMEDIES**<br><br>Re: ECF No. 12 |

On April 25, 2025, Defendant the County of Alameda (the County) filed a motion to dismiss unrepresented Plaintiff Shale Well's First Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and a motion to strike Well's requests for attorneys' fees and for injunctive relief under Rule 12(f) of the Federal Rules of Civil Procedure.  ECF No. 12.  As explained below, courts strike parts of a complaint under Rule 12(f) only in limited circumstances.  To focus the parties' arguments on issues where they are more likely to be useful when the Court considers the motion to dismiss Well's claims under Rule 12(b)(6), the Court now summarily denies the County's motion to strike Well's requests for certain remedies under Rule 12(f).

**This Order decides only the arguments presented in section III.G.1 and III.G.2 of the County's Motion.  Well must still respond to all other arguments presented in the County's Motion.**

> Rule 12(f) of the Federal Rules of Civil Procedure provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) ([citation omitted]).  "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008).

> "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Nguyen v. CTS Elecs. Mfg. Sols. Inc.*, No. 13-CV-03679-LHK, 2014 WL 46553, at *3 (N.D. Cal. Jan. 6, 2014) (citing *Whittlestone*, 618 F.3d at 973).

*Pollock v. Fed. Ins. Co.*, No. 21-cv-09975-JCS, 2022 WL 912893, at *5 (N.D. Cal. Mar. 29, 2022).

Moreover, "Rule 12(f) of the Federal Rules of Civil Procedure does not authorize a district court to dismiss a claim for damages on the basis it is precluded as a matter of law." *Whittlestone*, 618 F.3d at 976 (9th Cir. 2010). Despite prominently citing *Whittlestone* for the basic nature of a motion under Rule 12(f), *see* ECF No. 12 (Motion) at 18,[1] the County's present Motion violates that decision's holding that Rule 12(f) is not an appropriate vehicle to attack a request for a particular form of relief. The requests to strike Well's prayer for attorneys' fees and injunctive relief are therefore DENIED.[2]

Even if that were not so as a matter of law, those requests raise issues better addressed at a later stage of the case. The County moves to strike Well's prayer for attorneys' fees solely on the basis that she is proceeding without a lawyer and thus is not incurring any recoverable fees, ECF No. 12 at 19, but it is possible that Well might retain an attorney as the case continues, and requiring her to amend her Complaint to reassert this request if she later hires a lawyer would not serve the interests of efficiency underlying Rule 12(f). The County's arguments regarding injunctive relief involve questions of the potential for irreparable injury, the sufficiency of money damages, and the "proper balance between state and federal authorities," which are difficult to evaluate at the beginning of a case and without a factual record. ECF No. 12 at 19–20. The County cites no case addressing such issues on a motion to strike under Rule 12(f). The Court would therefore deny the requests to strike Well's requests for these forms of relief as a matter of discretion, even if the motion were not precluded by Ninth Circuit precedent.

To be clear, the Court does *not* hold that Well can or will recover any attorneys' fees or obtain any injunctive relief. The Court holds only that the County has not met its burden to show

---

[1] This Order cites the County's Motion using page numbers as assigned by the Court's ECF filing system.
[2] The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).

1  that those requests should be stricken under Rule 12(f) at this early stage of the case.

2      This Order does not decide the County's Motion to the extent that it seeks dismissal of
3  Well's claims against the County under Rule 12(b)(6), as stated in section III.A through III.F of
4  the Motion.  *See* ECF No. 12 at 10–18.  The County's request to dismiss Well's claims under Rule
5  12(b)(6) are based on its arguments that Well has not included in her First Amended Complaint
6  enough alleged facts to establish that the County broke any law that violated her rights, among
7  other arguments.  **If Well wishes to continue prosecuting her claims against the County, she**
8  **must respond to those arguments in her opposition brief due May 9, 2025.**  If the Court grants
9  the County's Motion to Dismiss, Well will not be entitled to any relief from the County.

10      If Well proceeds without an attorney, she is encouraged to contact the Court's Legal Help
11  Center for assistance.  Attorneys at the Legal Help Center cannot represent parties in litigation but
12  can provide basic assistance to parties representing themselves.  Well may request an appointment
13  by calling 415-782-8982 or emailing fedpro@sfbar.org.

14  **IT IS SO ORDERED.**

15  Dated: April 28, 2025

LISA J. CISNEROS
United States Magistrate Judge

3